**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-02654-REB

SETH M. WESHNAK,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[1] filed October 12, 2011, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.*[2] I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

---

    [1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

    [2] Plaintiff filed a previous claim for supplemental security income benefits on February 14, 2006, which was denied and not appealed. The present case involves plaintiff's subsequent application for benefits of November 27, 2006.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of Asperger's disorder,[3] anxiety, depression, and back pain status post-surgery. After his application for supplemental security income benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on January 21, 2009. At the time of the hearing, plaintiff was 22 years old. He has a high school education and no past relevant work experience. He has not engaged in substantial gainful activity since November 27, 2006, the date of his application for benefits.

The ALJ found that plaintiff was not disabled and therefore not entitled to supplemental security income benefits. Although the evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform a range of medium work with certain non-exertional restrictions. The ALJ concluded that there were jobs existing in significant numbers in the national and local economies that were within this residual functional capacity. He therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

---

[3] "Asperger's Disorder is a milder variant of Autistic Disorder. . . . [A[ffected individuals are characterized by social isolation and eccentric behavior in childhood. There are impairments in two-sided social interaction and non-verbal communication. Though grammatical, their speech may sound peculiar due to abnormalities of inflection and a repetitive pattern. Clumsiness may be prominent both in their articulation and gross motor behavior. They usually have a circumscribed area of interest which usually leaves no room for more age appropriate, common interests." ***What is Asperger's Disorder?*** (available at http://www.aspergers.com/aspclin.html) (last accessed March 25, 2013).

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

        4.        If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

        5.        If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 416.920(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. **Id.** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

      Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. **Brown**, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."

***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

The bases on which plaintiff seeks reversal of the ALJ's disability decision are not entirely clear from the briefing submitted on appeal.  Plaintiff devotes a substantial portion of his brief to apprising the court that the medical record supporting his impairments is limited because plaintiff's mother refused to pursue treatment for him after he was diagnosed with Asperger's disorder at age 11.  Although the court is not unsympathetic to these missives, or to plaintiff's desire to now develop skills to better cope with the limitations imposed by his conditions, they do not make out a legal basis for reversal.  Because I perceive no reversible error in the ALJ's opinion, I affirm.

Contrary to the implication of plaintiff's argument, it does not appear that the ALJ simply rejected plaintiff's claim for lack of medical evidence.  Although the medical record documenting plaintiff's mental impairments was indeed scanty, the ALJ fulfilled his duty to develop the record in this regard.  ***See Carter v. Chater***, 73 F.3d 1019, 1021 (10th Cir. 1996).  He had available to him the reports of two consultative examiners, Dr. Frederick Leidal (Tr. 248-253), a psychologist, and Lori Frey (Tr. 255-257), a mental health counselor, as well as the live testimony of a third medical expert, psychologist Dr. Robert Pelc (tr. 67-77).  The ALJ thoroughly reviewed each of these

medical opinions, which were largely in agreement with one another and confirmed the conclusion that plaintiff's impairments were not disabling within the meaning of the Act.[4]

Plaintiff suggests that the ALJ erred at step 5 of the sequential evaluation because three of the jobs identified by the vocational expert at the hearing are precluded by his pain and functional limitations following the implantation of rods in his back to correct scoliosis and/or limitations imposed by Asperger's disorder. Yet none of the three jobs identified by plaintiff in this regard was among those ultimately cited by the ALJ in making his disability determination. (**Compare** Plf. Br. at 10 (challenging plaintiff's ability to perform jobs of vegetation puller, weed picker, and label inspector) **with** Tr. 22 (finding plaintiff capable of performing medium jobs of floor waxer and sweeper cleaner and light jobs of power screwdriver operator and cleaner housekeeper).) Clearly, there was no reversible error in this regard.

Relatedly, plaintiff claims that he should have been allowed to submit additional evidence to the Appeals Council for consideration.[5] Plaintiff does not attach these documents to his brief, and beyond a very broad and generic description as more recent records relating to plaintiff's ongoing medical and psychological conditions, he does not specify what these inexplicit records contain or, more importantly, how they might have changed the ALJ's disability to determination. **See Chambers v. Barnhart**, 389 F.3d 1139, 1142 (10th Cir. 2004); **O'Dell v. Shalala**, 44 F.3d 855, 859 (10th Cir. 1994).

---

[4] However, the ALJ properly rejected Ms. Frey's conclusion that plaintiff is "developmentally disabled" (Tr. 257) as going to an issue reserved exclusively to the Commissioner, 20 C.F.R. § 41.6.927(e), as well as not being defined by specific functional limitations. (Tr. 19.)

[5] Nor can I fault the ALJ for failing to hold the record open following the conclusion of the administrative hearing, as plaintiff's attorney explicitly confirmed that she did not anticipate submittiting additional documents thereafter. (Tr. 30.)

Absent such proof, any error in the failure to consider these documents must be deemed harmless. *See Bernal v. Bowen*, 851 F.2d 297, 303 (10th Cir. 1988).[6]

Finally, plaintiff asks that, at the very least, I backdate his more recent application for benefits, which is currently still pending review before the agency, to the date of either his first application (*see supra* note 2) or the current application. He provides no legal authority suggesting that I have jurisdiction to consider or issue orders determinative of an application that is not presently before me. I decline this invitation to usurp my proper role in the administrative process by doing so in this instance.[7]

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated March 25, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[6] In addition, it appears from the limited description provided that these documents do not relate to the period for which benefits were denied, and thus are not material in any event. *See* 20 C.F.R. § 416.1470(b).

[7] Indeed, the concept of "backdating" the application appears to be misplaced here. *See* 20 C.F.R. §§ 416.340 & 416.345. It seems more likely that plaintiff may seek to reopen the prior determination before the Commissioner at the administrative level, *see* 20 C.F.R. § 416.1487(b), although it appears the statute of limitations may well have run on any such application, *see* 20 C.F.R. § 416.1488(b), unless there is some evidence, not presently apparent from the record before me, that the determination "was obtained by fraud or similar fault," 416.1488(c).